UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAWEL URBANEK,**

    **Plaintiff,**

v.                                  Case No: 8:22-cv-2501-MSS-MRM

**MARIUSZ STRYJEWSKI and REI SIDING, L.L.C.,**

    **Defendants.**

___

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Amended Motion to Dismiss, (Dkt. 14), and Plaintiff's response in opposition thereto. (Dkt. 16) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court conditionally **GRANTS** Defendants' Motion.

**I.    BACKGROUND**

    **A.    FACTUAL BACKGROUND**

Plaintiff, Pawel Urbanek, is a citizen of Poland who met Bogdan Stryjewski around September 2019. (Dkt. 1 at ¶ ¶ 1, 9) Defendant Mariusz Stryjewski ("Stryjewski") is a citizen of Florida who was introduced, by his cousin, Bodgan, to Plaintiff. (Id. at ¶ ¶ 3, 10) Stryjewski expressed his interest to Plaintiff in investing in and becoming involved in a real estate development project (hereinafter, the "Project"). (Id. at ¶ 10) Plaintiff then sent his analysis and other documents about the Project to Stryjewski. (Id. at ¶ 11) Plaintiff and Stryjewski held various telephone calls

1

to discuss the Project. (Id. at ¶ 12) Plaintiff alleges these calls were made into and out of the State of Florida to Poland. (Id. at ¶ 13) Plaintiff further alleges various emails were sent into and out of the State of Florida. (Id. at ¶ 14)

As alleged, between 2019 and 2020, Plaintiff and Stryjewski contracted to invest in a real estate development. (Id. at ¶ 15) The goal of the Project was for Plaintiff and Stryjewski to acquire and develop one or more properties into a contiguous lot for retail, hotel, and condominium purposes in Poland. (Id. at ¶ 16) The Parties agreed that Plaintiff would receive 51% of the profits and Stryjewski would receive 49% of the profits. (Id. at ¶ 19) Plaintiff had significant property development experience, while Stryjewski lacked industry experience. (Id. at ¶ 18)

The Parties eventually drafted a joint venture agreement and circulated it, but Stryjewski never signed it. (Id. at ¶ 20) Under the arrangement, each Party would serve as the other party's agent. (Id. at ¶ 21) In any event, Bogdan served as Stryjewski's agent and assisted him with the Project. (Id. at ¶ 22) Plaintiff negotiated land acquisitions using his exclusive right to sell, hired architects and contractors using significant financial sums, and obtained building permits. (Id. at ¶ 26-28) Plaintiff also noticed that in his communications with Stryjewski, some emails originated from the servers of Defendant REI Siding L.L.C. (hereinafter, "REI"), a Florida company. (Id. at ¶ 24) Plaintiff alleged Stryjewski and REI (collectively, the "Defendants") ratified, consented to, and requested Plaintiff's actions and investments. (Id. at ¶ 28)

On May 24, 2020, Stryjewski allegedly emailed Plaintiff asking about the progress of the Project, financing, and other business decisions. (Id. at ¶ 30) Stryjewski

2

sought updates on the Project by daily contacting the architect for the Project and contacting Plaintiff every few days. (Id. at ¶ 31-32) The area surrounding the Project later received massive public investments for bike lanes, train service, and the establishment of ski slopes. (Id. at ¶ 33) The Project's main parcel of land and adjacent lots were purchased for approximately 8,500,000 zloty. (hereinafter, the "Purchase") (Id. at ¶ 34) Stryjewski advanced the funds for the Purchase. (Id.) Stryjewski sought to leave the partnership and joint venture involving him and Plaintiff not long after the purchase of the lots.

After the Purchase was completed, Stryjewski received several Purchase-related documents at his residence in Manatee County, Florida. (Id. at ¶ 35) The Purchase-related documents included deeds and development paperwork. (Id.) Stryjewski then prepared an email to Plaintiff, which featured a breakdown of the investment, costs, and anticipated gross and net profit received after expenses exceeding 86,775,000 zloty. (Id. at ¶ 36) Stryjewski used his native language, Polish, to write the email to Plaintiff. (Id.). Plaintiff continued to work on the Project based on Stryjewski's email and the representations flowing from it. (Id. at ¶ 37) Plaintiff, however, noticed a delay on Stryjewski's part in forming a formal company to represent the Parties' joint venture. (Id. at ¶ 39)

On May 25, 2020, Plaintiff wrote to Stryjewski to express concerns about the time it was taking Stryjewski to find an attorney to form the company that would serve

as the parent company for the Project. (Dkt. 1 at 9)[1] From May 25, 2020, until July 11, 2020, Stryjewski and Plaintiff exchanged correspondence about the Project. (Id. at 9-12) Stryjewski informed Plaintiff of his plan to back out of the Project in Poland in July 2020. (Id. at ¶ 45)

### B. PROCEDURAL BACKGROUND

On February 1, 2022, Plaintiff filed a complaint in the Twelfth Judicial Circuit Court of Manatee County (hereinafter, the "state action").[2] (Dkt. 9-1) In that suit, Plaintiff asserted a breach of contract claim, an unjust enrichment claim, and a fraud claim deriving from a joint venture between the Parties. (Id.) On March 22, 2022, Stryjewski moved to dismiss Plaintiff's complaint in the state action on *forum non conveniens* grounds and due to Florida Rule of Civil Procedure 1.061. On July 5, 2022, the state court granted Stryjewski's motion to dismiss but that court also questioned the availability of an alternate forum in Poland. (Id. at 11-13) Plaintiff filed a notice of appeal to Florida's Second District Court of Appeal.

---

[1] The Court uses the pagination as reflected in the CM/ECF header because Plaintiff's Complaint begins its numbering with Page 2.

[2] A district court may take judicial notice of certain documents attached to a motion to dismiss or response without converting the motion to dismiss into a motion for summary judgment. Horne v. Potter, 392 F. App'x. 800, 802 (11th Cir. 2010). A court may do so when such documents are public records that are "'not subject to reasonable dispute' because they are 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.'" Id. (quoting FED. R. EVID. 201(b)). Moreover, a court may take notice of another court's order "for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). Thus, the Court takes judicial notice of the entire state court docket available in the database maintained by the Manatee County Clerk of Court for case captioned Urbanek v. Stryjewski, Case No. 2022-CA-000392-AX (Fla. Cir. Ct. Feb. 1, 2022) only to confirm that those judicial acts occurred. That said, the Court also takes judicial notice of the order attached to Defendant's Motion to Dismiss, (Dkt. 9), as matters of public record not subject to reasonable dispute.

4

During the pendency of the appeal, Plaintiff commenced this action on November 2, 2022, asserting twelve claims for relief, which all stem from the same joint venture alleged in the state action. (Dkt. 1) On December 1, 2022, Stryjewski raised the doctrine of *forum non conveniens* in his motion to dismiss this federal action. (Dkt. 9) On February 16, 2023, Defendants filed an amended motion to dismiss. (Dkt. 14) On March 20, 2023, the Court denied Defendants' motions to dismiss without prejudice and stayed this federal action pending resolution of the state court appeal. On April 26, 2023, Defendants filed a status report advising inter alia that the state court appeal was dismissed as untimely. (Dkt. 20)

On May 8, 2023, this case was reopened. On May 12, 2023, the Court reinstated Defendants' Amended Motion to Dismiss. (Dkt. 23) This matter is now ripe for consideration.

## II.    LEGAL STANDARD

"*Forum non conveniens* is an ancient common law doctrine that permits a court to decline jurisdiction over a case, even if personal jurisdiction and venue are otherwise proper, when there is a more convenient forum for the case to be litigated." Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1303 n.4 (11th Cir. 2002). It is within the district court's sound discretion to accept or decline jurisdiction based on *forum non conveniens*. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981). The district court is guided by public and private interest factors affecting the convenience of the litigants and the forum. Id. Dismissal is appropriate "when trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to

plaintiff's convenience, or when the chosen forum [is] inappropriate because of consideration affecting the court's own administrative and legal problems." Id. at 249.

### III. DISCUSSION

Stryjewski contends this action should be dismissed under *forum non conveniens* because all public and private interest factors favor dismissal. (Dkt. 9). Stryjewski specifically argues dismissal is warranted because all witnesses are in Poland; all documentary evidence is in Poland; the communications are written in the Polish language; and the commercial Project is in Poland. (Id. at 6). Plaintiff argues the relevant *forum non conveniens* factors do not favor dismissal for three main reasons. (Dkt. 12). First, Plaintiff argues Poland's courts afford less favorable access to redress his injuries than American courts because Plaintiff would have to pay roughly $50,000 to sue in Poland. (Id. at 15). Second, Plaintiff argues the witnesses that Defendants claim are relevant are not relevant because those witnesses lack knowledge of what lies at the heart of this action – the agreement between Plaintiff and Defendants. (Id.) Third, Plaintiff argues this Court should find there are "practical problems" that complicate trying this case in Poland, such as issues of liability and damages. (Id. at 16).

To prevail on a motion to dismiss for *forum non conveniens,* a defendant must prove: "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." McLane v. Marriott Int'l, Inc., 960 F. Supp. 2d 1351, 1356 (S.D. Fla. 2013) (quoting Leon v. Millon Air, Inc., 251 F.3d

6

1305, 1311 (11th Cir. 2001)). The defendant bears the burden of persuasion as to all elements of a *forum non conveniens* motion. Id.

The Court considers each of these elements in turn.

### A.     Available and Adequate Alternative Forum

In deciding whether an alternative forum exists, the Court must make two inquiries. See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1330 (11th Cir. 2011). First, whether the alternative is available. Id. Second, whether the alternative forum is adequate. Leon, 251 F.3d at 1311. "An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1330 (11th Cir. 2011) (citation omitted). Generally, courts find the availability requirement is met where a defendant is amenable to process in the other jurisdiction. See Piper, 454 U.S. at 254 n.22. To the second inquiry, an alternative forum is inadequate where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." Id. at 254.

Here, Defendants have submitted two affidavits from the state action in support of their federal motion to dismiss. The first affidavit is from Defendant Stryjewski who states his intent to call witnesses who live in Poland. (Dkt. 14-1 at 5) This affidavit suggests Defendants are amenable to accepting service of process in Poland. (Id.) ("As stated in the accompanying Affidavit of Tomasz Olejnik, my attorney in Poland, the appropriate alternative forum for this action should be brought in Poland.") The second affidavit is from Tomasz Olejnik, an attorney authorized to practice law in

Poland, who claims this case "may be brought in the Regional Court in Świdnica, Poland." (Dkt. 14-1 at 8) Plaintiff has offered no affidavit in this action to counter Defendants' assertion. Instead, Plaintiff argues Poland is not an "open and available" forum because it would cost $50,000.00 to file an action, which poses a high barrier to entry, but alternatively that a Polish court would deny jurisdiction over this matter should Plaintiff somehow find the money to file his action in Poland. (Dkt. 16 at 2)

The Court is convinced that Defendants' affidavits demonstrate they are amenable to process in Poland. Therefore, the Court finds Poland is an available forum. Piper, 454 U.S. at 255 n.22. Turning now to whether Poland is an adequate forum: "[a]n adequate forum need not be a perfect forum." Satz, 244 F.3d at 1283. Plaintiff's response challenges Poland's filing fees, liability and damages issues in Poland courts, and uncertainty on Florida's willingness to enforce a Polish judgment. Plaintiff's argument is unpersuasive. "[S]ome inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate." Id. Therefore, the Court finds Poland is an adequate forum. Thus, Poland is an open and an available forum for this litigation.

  **B.** **PRIVATE INTEREST FACTORS**

A court should consider certain private interest factors when conducting a *forum non conveniens* analysis, those factors include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses and all other practical problems that make

8

trial of a case easy, expeditious and inexpensive." Piper, 454 U.S. at 241 n.6. While there is normally a strong presumption that a plaintiff's chosen forum is convenient, this presumption weakens when that plaintiff is a foreigner litigating far from home. See Leon, 251 F.3d at 1314-15.

"Perhaps the most important "private interest" of the litigants is access to evidence." Ford v. Brown, 319 F.3d 1302, 1308 (11th Cir. 2003). "A correct 'private interest' analysis begins with the elements of the plaintiff's causes of action. The court must then consider the necessary evidence required to prove and disprove each element. Lastly, the court should make a reasoned assessment as to the likely location of such proof." Id. "Of all the private interest factors, the relative ability for the forums to compel the attendance of significant unwilling witnesses at trial often is considered the most important factor, because the presentation of live testimony is essential to a fair trial." Rivas v. Ford Motor Co., No. 8:02-cv-676, 2004 WL 1247018, at *9 (M.D. Fla. Apr. 19, 2004).

Here, Plaintiff argues the private interest factors favor proceeding in an American forum for several reasons. First, Plaintiff argues Poland courts afford less favorable access to redress of injuries caused by American Actors, so the Court should accord deference to Plaintiff's desired forum. (Dkt. 16 at 14) Second, Plaintiff argues the location of much of the evidence is in Florida. (Id.) Third, Plaintiff argues that while the construction workers and the architect who worked on the joint venture are located in Poland, they lack knowledge relevant to the Parties' agreement. (Id.) Plaintiff further argues some evidence has been gathered and translated already and

9

that evidence can only be obtained from witnesses based in Florida. (Id. at 15) This Court disagrees with Plaintiff because at the heart of Plaintiff's complaint is the breach of contract between Plaintiff and Stryjewski.

Mr. Stryjewski's cousin – Bogdan, the Project's architect, and the Project's contractor are all located in Poland. Original, untranslated documents such as zoning permits, municipal authorizations, deeds, and other documents are all located in Poland. Even more bolstering is that the Property is located in Poland. These witnesses and items would be necessary to prove either the existence of a contract or establish a course of dealings that would support equitable relief. Therefore, the Court finds the "access to evidence" factor weighs heavily in favor of Defendants. Ford, 319 F.3d at 1307-08; Warter v. Bos. Sec., S.A., 380 F. Supp. 2d 1299, 1312 (S.D. Fla. 2004); McLane, 960 F. Supp. 2d at 1358.

Should this Court retain the case, there is no guarantee that any of the necessary witnesses would voluntarily participate in this proceeding. Further, compelling the attendance of any number of unwilling witnesses would require significant Court resources. The Court finds that requiring Plaintiff to litigate in Poland courts would eliminate any, if not all, inconveniences resulting from the use of live witnesses. See McLane, 960 F. Supp. 2d at 1359. The Court also considers Plaintiff's argument that Poland's 5% filing fee effectively prevents access to the courts in Poland. Plaintiff's argument is not persuasive because a sister court has evaluated a similar fee and concluded that it does not render the forum inadequate. See Warter, 380 F. Supp. 2d at 1313 (finding that a 3% filing fee in Argentina did not render the forum inadequate).

Finally, Plaintiff raises two enforceability questions for consideration. First, whether Florida courts will enforce a Polish judgment. Second, whether jurisdictional issues in Poland would preclude injunctive relief. This Court finds that Florida Courts are positioned to enforce a Polish judgment if the judgment complies with the Florida Recognition Act, a variant of the Uniform Foreign Money-Judgments Act. See Fla. Stat. §§ 55.601-55.607; see also Osorio v. Dole Food Co., 665 F. Supp. 2d 1307, 1322 (S.D. Fla. 2009), aff'd sub nom. Osorio v. Dow Chem. Co., 635 F.3d 1277 (11th Cir. 2011). In light of the aforementioned factors, the Court finds that refiling this action in Poland will best serve the private interests of the litigants.

      **C.**    **PUBLIC INTEREST FACTORS**

A court should also consider certain public interest factors when conducting a *forum non conveniens* analysis, those factors include: " (1) the sovereigns' interests in deciding the dispute," (2) "the administrative burdens posed by trial," and (3) "the need to apply foreign law." Warter, 380 F. Supp. 2d at 1314. "Although the public interest factors rarely defeat a *forum non conveniens* motion, courts must consider the relevant public interest factors." Turner v. Costa Crociere S.P.A., 488 F. Supp. 3d 1240, 1254 (S.D. Fla. 2020), aff'd, 9 F.4th 1341 (11th Cir. 2021).

The Court finds that a review of each public interest factor militates in favor of allowing Poland to handle this action.

### 1.   Sovereigns' Interest

As for the sovereigns' interest factor, Plaintiff appears to conflate his private interest factors argument with his public interest factors argument. Defendants have offered no substantive argument either. "There is a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction." Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1311 (11th Cir. 2002). Therefore, "a sovereign has a very strong interest when its citizens are allegedly victims and the injury occurs on home soil." SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1104 (11th Cir. 2004).

While it is true Florida might have an interest in this action, that interest is overtaken by the overwhelming interest that Poland will have in resolving this issue. Plaintiff's papers in opposition seem to focus on the Florida's *forum non conveniens* standard without placing due deference to the federal standard. The United States' only interest would be to protect the interest of its residents, the Defendants, who have expressed their desire to litigate this case in Poland. The United States' interest is almost extinguished by the fact that all Parties are Poland citizens, the properties at issue are located in Poland, and any pertinent papers are written in Polish and are otherwise located in Poland. See McLane, 960 F. Supp. 2d at 1361.

## 2. Administrative Burdens

As for the administrative burdens factor, the Court has evaluated typical administrative considerations, such as the Court's congestion and the feasibility and efficiency of a jury resolving a case having little or no relation to the forum. See McLane, 960 F. Supp. 2d at 1361. The Middle District of Florida, like the Southern District of Florida, has an active docket and could be considered one of the busiest districts in the country, but whose docket is current.[3] Neither Party has shown that Poland courts are congested. Plaintiff also appears to concede that many documents related to the dispute will require translation. Therefore, the Court finds that translating documents and witness testimony coupled with this Court's congestion pose significant administrative burdens to hearing this case in the United States.

## 3. Foreign law

Should this Court elect to retain jurisdiction, a conflict-of-law analysis would most certainly be required. Florida uses the "significant relationship test" that prompts an analysis of several factors such as "where the injury occurred, where the conduct causing the injury occurred, and where the relationship of the parties is centered." McLane, 930 F. Supp. 2d at 1361-62. Upon review of these factors, the laws of Poland will likely govern this action. See Chierchia v. Treasure Cay Servs., 738 F. Supp. 1386, 1389–90 (S.D. Fla. 1990). Accordingly, Defendants' Motion is due to be **GRANTED**.

---

[3] See UNITED STATES COURTS, *Federal Court Management Statistics, June 2022*, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf (calculating the Middle District of Florida as having received 10,481 filings for the twelve-month preceding June 2023, which is the ninth overall).

### D. REINSTATEMENT

In light of the analysis of public and private interest factors, the Court finds Poland is the most appropriate, adequate, and convenient forum for this action. Should Plaintiff choose to refile this action in Poland and it is dismissed as improper and such a decision is affirmed by the highest court in Poland, then this Court will reconsider this Order. See Ford, 319 F.3d at 1310.

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Defendants' Amended Motion to Dismiss for Forum Non Conveniens, (Dkt. 14), is **GRANTED**.

2. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk is **DIRECTED** to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of February 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person